# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY DOUGLAS McDOWALL,<br><br>      Petitioner,<br><br>  v.<br><br>FRANCISCO JACQUES, *et al.*,<br><br>      Respondent. | 1:09-cv-00540 YNP [DLB] (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Upon review of this petition, the Court found that Petitioner had not signed his petition. ON November 10, 2009, Petitioner was ordered to submit a signed declaration stating that he had submitted the instant petition under penalty of perjury on or before December 4, 2009. The Court warned Petitioner that failure to comply with the Court's order would result in the dismissal of his cause pursuant to Local Rule 11-110.

    As of the date of this order, Petitioner has not filed a signed declaration, or any other document, with this Court. Due to his failure to comply with the order, the Court exercises its inherent power to dismiss the petition.

    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:   **March 4, 2010**            **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE